[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RECONSIDERATION OF MOTION TO STRIKE #121
The plaintiff, Emilia Arrazcaeta, filed a four-count second revised complaint against the defendants, The Rehabilitation Center of Fairfield County and Bridgeport Hospital, on June 11, CT Page 4078 1996.[1] The plaintiff alleges that she was a patient at The Rehabilitation Center when on April 18, 1989, the plaintiff was brutally attacked in the parking lot. The plaintiff further alleges that she was encouraged by the defendants to park in the parking lot where the alleged attack occurred. The plaintiff brings causes of action for breach of implied contract and negligence against the defendants.
On January 27, 1997, the defendants filed a motion to strike counts one and three of the second amended complaint[2], on the ground that those counts do not state a claim upon which relief may be granted. The plaintiff filed a memorandum in opposition to the motion to strike dated February 13, 1997. The matter was re-heard by the court on March 2, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 593 A.2d 293 (1997).
The plaintiff alleges that the defendants breached their "implied contract" with the plaintiff by failing to keep and maintain the parking facility in a reasonably safe manner. The defendants argue that while it is true they offered the plaintiff a place to park, they never agreed in any way to assume responsibility for the plaintiff's safety, and thus there is to implied in fact contract between the parties. The defendants contend that implied at law contracts only arise where restitution is owed party, and that such a theory is inapplicable to the facts of this case. The defendants further argue that if such a duty exists, it arises by operation of the law of negligence, rather than any sort of agreement with the plaintiff.
The plaintiff argues that whether an implied contract exists based on paragraphs three through six of counts one and three of the second amended complaint is a question of fact for the trier of fact. The plaintiff also argues that it is possible to raise both negligence and contract theories based on the facts of this case. CT Page 4079
"A contract implied in fact, like an express contract, depends on actual agreement . . . [and a] contract implied in law requires, as a foundation, that there be an obligation created by law that imposes a duty to perform." Chotkowski v. State,240 Conn. 246, 268 n. 26, 690 A.2d 368 (1997). "In distinction to an implied [in fact] contract, a quasi [or implied in law] contract is not a contract, but an obligation which the law creates out of the circumstances present, even though a party did not assume the obligation, and may not have intended but in fact actually dissented from it. . . . It is based on equitable principles to operate whenever justice requires compensation to be made."Bershtein, Bershtein Bershtein v. Nemeth, 221 Conn. 236, 242,603 A.2d 389 (1992).
The court finds that the plaintiff has failed to allege sufficient facts indicating that any implied contract was created between the parties. The relevant portions of the first and third counts of the second amended complaint are identical to the amended complaint, with the exception that the plaintiff has added the word "implied" in paragraph ten where she alleges a breach of contract.[3] "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The inclusion of this one word does not alter the pleadings to such an extent that Judge Grogin's June 4, 1996 ruling in favor of the defendants' motion to strike on the same issue is erroneous. The court is not bound to accept as true the plaintiff's legal conclusion that an implied contract was formed.
While two causes of action can arise out of the same wrong, this general concept is not always helpful. Through the implied contract counts, the plaintiff appears to be alleging that the defendants breached some contractual duty to keep their premises in a reasonably safe condition. However, given the defendants' duty owed to the plaintiff as a business invitee, "[p]ermitting an implied contract action and a [negligence] action would merely permit the placing of a different label on what is the same thing or something that must be resolved legally in the same way."Rehor v. Boland, Superior Court, judicial district of New Haven at New Haven, Docket No. 378521 (January 30, 1996) (Corradino, J.) (15 CONN. L. RPTR. 106).
Accordingly, this court affirms the decision of Grogins, J. CT Page 4080 in striking counts one and three of the second amended complaint.
SKOLNICK, J.